NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted February 20, 2013*
Decided February 22, 2013

Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 12-1944 | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| ANTHONY OLIVE, *Plaintiff-Appellant*, | |
| *v.* | |
| WEXFORD HEALTH SOURCES, INCORPORATED, *et al.*, *Defendants-Appellees*. | No. 12 C 50065 Philip G. Reinhard, *Judge*. |

**Order**

Last fall we held that Anthony Olive stated a claim for relief under the eighth amendment by alleging that a physician offered him only ibuprofen to treat his pain, despite knowing that this drug would aggravate his peptic ulcer. We remanded for further proceedings. *Olive v. Wexford Corp.*, No. 11-3005 (7th Cir. Oct. 30, 2012) (nonprecedential disposition).

The current appeal arises from Olive's experience in a different prison. Here Olive initially was offered a different ibuprofen-containing drug to control his pain; when he rejected it because of its potential side effects, the medical staff diagnosed his

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

knee condition using x-rays and administered physical therapy and steroid injections; they also gave Olive a low-bunk permit. The district judge concluded that this made a material difference and dismissed this second suit.

Olive contends that the physicians should have sent him for an MRI scan to get better information and should have given him a knee brace instead of, or in addition to, the steroid shots. But as we concluded in *Ray v. Wexford Health Sources, Inc.*, No. 12-1774 (7th Cir. Feb. 7, 2013), the Constitution does not require physicians to use MRI scans when they conclude, in the exercise of professional judgment, that x-rays suffice for diagnosis. Olive's own complaint discloses a serious effort at diagnosis and treatment and shows that the defendants were not indifferent to his condition. If they erred, that is a matter for malpractice litigation under state law, not for a constitutional claim. The judgment dismissing this suit on the pleadings is affirmed.